UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, | CIV. NO. 20-00431 LEK-KJM |
| Plaintiff, | |
| vs. | |
| NOLAN ESPINDA, ET AL., | |
| Defendants. | |

**ORDER GRANTING THE MOVING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
REGARDING FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Before the Court is Defendants Robin Kami ("Kami"), Lei Silva ("Silva"), and Tiare Seaton-Brisette's ("Seaton-Brisette" and collectively "the Moving Defendants") Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies ("Motion"), filed on February 4, 2022. [Dkt. no. 76.] Pro se Plaintiff Joseph Pitts ("Pitts") filed his memorandum in opposition on May 23, 2022, and the Moving Defendants filed their reply on May 31, 2022. [Dkt. nos. 103, 105.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Moving Defendants' Motion is hereby granted for the reasons set forth below.

## BACKGROUND

This action concerns allegations that officials of the State of Hawai`i Department of Public Safety ("DPS") and Oahu Community Correctional Center ("OCCC") violated Pitts's rights while he was a pretrial inmate at OCCC.  See Moving Defs.' Concise Statement of Facts in Support of their Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies ("Moving Defs.' CSOF"), filed 2/4/22 (dkt. no. 77), at ¶ 1; Pitts's Opposition to Defendants Concise Statement of Facts ("Pitts's CSOF"), filed 5/23/22 (dkt. no. 104), at ¶ 1 (stating Pitts agrees with Moving Defs.' ¶ 1).

### I.    DPS's Inmate Grievance Program

"DPS has a three-step 'Inmate Grievance Program' ('IGP') that is found in DPS' Corrections Administration Policy and Procedures under Policy No. COR.12.03." [Moving Defs.' CSOF at ¶ 2; Pitts's CSOF at ¶ 2.]  The IGP is the mechanism for "'receiving, processing, and resolving inmate complaints . . . .'" [Moving Defs.' CSOF at ¶ 3; Pitts's CSOF ¶ 3.]  Inmates must submit their grievance within fourteen calendar days from the date on which the basis of their grievance occurred.  An extension may be allowed if an inmate demonstrates, in writing, a valid reason for the delay.  See

Moving Defs.' CSOF, Decl. of Charles Laux ("Laux Decl."),[1] Exh. A (DPS Corrections Administration Policy and Procedures, Inmate Grievance Program, Policy No.: Cor.12.03, effective 7/1/2015 ("2015 Policy")), at §§ 8.1, 8.2; Exh. B (DPS Corrections Administration Policy and Procedures, Inmate Grievance Program, Policy No.: Cor.12.03, effective 4/7/2020 ("2020 Policy")), at §§ 5.4.a, 5.4.b.

A grievance is considered filed on the date it is logged into the system as received by the Inmate Grievance Specialist ("IGS") or the Facility Inmate Grievance Officer ("FIGO").  See Laux Decl., Exh. A (2015 Policy) at § 10.1; id., Exh. B (2020 Policy) at § 5.6.a.[2]  The Section Supervisor or IGS must issue a written response within twenty working days from the date the grievance was filed.  If the grievance cannot be responded to within twenty working days, the deadline may be extended once for another twenty working days.  Once an inmate receives the written response and they wish to appeal the decision in the response, they must submit an appeal to the Warden/Branch/Core Program Administrator within five calendar

---

[1] Charles Laux is the DPS Inmate Grievance Specialist. [Laux Decl. at ¶ 1.]

[2] Under the 2015 Policy, inmates submitted their grievances through a program called "Offendertrak."  [Laux Decl., Exh. A (2015 Policy) at § 10.1.]  Under the 2020 Policy, inmates submit their grievances through "the Corrections Information Management System."  [Id., Exh. B (2020 Policy) at § 5.6.a.]

days from the date of the receipt of the response.  The Warden/Branch/Core Program Administrator must respond to the appeal in writing within twenty working days.  See Moving Defs.' CSOF at ¶¶ 6-8; Pitts's CSOF at ¶¶ 6-8.

If the Warden/Branch/Core Program Administrator denies the appeal, the inmate may appeal the denial to the Division Administrator within five days.  The Division Administrator must respond to the inmate's appeal within twenty working days.  The grievance process is exhausted if the final appeal is denied or if the Division Administrator fails to respond within the specified time.  Once the grievance process is exhausted, the inmate may seek redress through the legal system.  See Moving Defs.' CSOF at ¶¶ 9-11; Pitts's CSOF at ¶¶ 9-11.

## II. **Pitts's Grievances**

### A. **Grievances Related to Mail**

Pitts submitted Grievance No. 413679, dated January 21, 2020, that stated jail officials were opening and reading legal mail between Pitts and his attorney outside of Pitts's presence.  See Moving Defs.' CSOF at ¶ 20; Pitts's CSOF at ¶ 20.  In a response dated February 4, 2020, Grievance No. 413679 was denied because the mail "was not marked legal or confidential."  See Laux Decl., Exh. D-1 (State of Hawaii – Department of Public Safety Administrative Remedy Form ("Remedy Form") – No. 413679).  In Grievance No. 413690, dated

February 3, 2020, Pitts stated OCCC mailroom officials opened legal mail, dated January 31, 2020 and February 3, 2020, from Pitts's attorney to Pitts.  Grievance No. 413690 was denied because it was a duplicate of Grievance No. 413679, *i.e.*, although it referred to different dates, it raised the same issue.  See Moving Defs.' CSOF at ¶ 21; Pitts's CSOF at ¶ 21. Pitts signed an acknowledgment form dated February 8, 2020 confirming that he received the OCCC officials' response to Grievance No. 413679.  See Moving Defs.' CSOF at ¶ 23; Pitts's CSOF at ¶ 23.

Pitts also submitted Grievance No. 413695, dated February 8, 2020, that appealed Grievance No. 413679.  Grievance No. 413695 was denied on February 14, 2020.  See Moving Defs.' CSOF at ¶ 24; Pitts's CSOF at ¶ 24.  Pitts did not sign the Inmate Acknowledgement of Receipt of Grievance Response form for the response to Grievance No. 413695.  See Laux Decl., Exh. D-6. Failure to return the acknowledgement of receipt form ends the process for the respective grievance and no further appeals are accepted.  See id.  Pitts submitted Grievance No. 246235, dated September 24, 2020, to appeal the denial of Grievance No. 413679 and Grievance No. 413695.  See Moving Defs.' CSOF at ¶ 26; Pitts's CSOF at ¶ 26.  Grievance No. 246235 was denied because: (1) Pitts failed to file the appeal within five calendar days from the date of receipt of the denial of Grievance No. 413695;

and (2) Pitts did not sign and/or return the necessary acknowledgment of receipt form. See Laux Decl., Exh. D-8 (response to Pitts from E. Loredo, IGS, dated 11/5/20, regarding Grievance No. 246235). Pitts did not sign the acknowledgment of receipt form for the denial of Grievance No. 246235. See id., Exh. D-9.

Pitts submitted Grievance No. 242085, dated August 23, 2020, that stated Silva and Kami were deliberately leaving the lock open in the mailroom which made it accessible to officers and non-mail personnel and allowed them to read and destroy Pitts's mail. See Laux Decl., Exh. D-10 (Remedy Form – No. 242085). A response was issued on September 23, 2020 stating that "[t]he mailbox is secured, [and] no one is tampering with [Pitts's] mail." [Id.] Pitts did not sign and return the necessary acknowledgement of receipt form for the response to Grievance No. 242085. See Moving Defs.' CSOF at ¶ 30; Pitts's CSOF at ¶ 30. Pitts also submitted Grievance No. 246243, dated September 20, 2020, which stated Pitts's outgoing mail was being delayed. See Moving Defs.' CSOF at ¶ 32; Pitts's CSOF at ¶ 32. "A Return Notice dated November 6, 2020 rejected Grievance No. 246243 on the basis that [Pitts]'s complaint should be submitted as a request, not a grievance." [Moving Defs.' CSOF at ¶ 33; Pitts's CSOF at ¶ 33.]

In Grievance No. 246236, dated September 21, 2020, Pitts stated Silva was delaying his mail from being sent out and opening privileged mail outside of his presence.  See Moving Defs.' CSOF at ¶ 35; Pitts's CSOF at ¶ 35.  "A Return Notice dated November 6, 2020 denied Grievance No. 246236 on several grounds and gave [Pitts] the option to resubmit the grievance after making the appropriate corrections."  [Moving Defs.' CSOF at ¶ 36; Pitts's CSOF at ¶ 36.]  Pitts did not sign and return the necessary acknowledgment of receipt form for the response to Grievance No. 246236.  Pitts submitted Grievance No. 246587, dated October 25, 2020, appealing Grievance No. 246236.  See Moving Defs.' CSOF at ¶¶ 37-38; Pitts's CSOF at ¶¶ 37-38. Grievance No. 246587 was denied because, among other things, Pitts did not resubmit Grievance No. 246236 with the appropriate corrections.  See Laux Decl., Exh. E-8 (response to Pitts from E. Loredo, IGS, dated 11/13/20, regarding Grievance No. 246587). Pitts did not sign the acknowledgement of receipt form for the denial of Grievance No. 246587.  See id., Exh. E-9.

B.   **Inadequate Medical Treatment Grievance**

Pitts submitted Grievance No. 241843, dated July 26, 2020, which stated that on July 9, 2020 Pitts was in a physical

altercation and he was sent to the medical unit.[3]  Pitts stated
in his grievance that the nurse on duty – Seaton-Brisette – did
not assess or treat an injury on his hand that he sustained
during the physical altercation.  Pitts also stated that, when
he attempted to seek treatment after the initial visit, medical
staff refused to treat his hand multiple times.  See id.,
Exh. C-1 (Remedy Form - No. 241843).[4]  A Return Notice for
Grievance No. 241843, dated July 29, 2020, indicated that his
grievance was denied because Pitts failed to file the grievance
within fourteen calendar days from the date of the incident.
See id., Exh. C-2.  Pitts resubmitted Grievance No. 241843 with
the correct date of the altercation, which was received on
August 3, 2020 and logged on August 6, 2020.  See id., Exh. C-4.
Neither party submits evidence of a response for the
resubmission of Grievance No. 241843.[5]  The Moving Defendants
submitted an Inmate Acknowledgment of Receipt of Grievance

---

[3] Grievance No. 241843 was initially received on July 29,
2020, but it incorrectly stated that the physical altercation
occurred on December 9, 2020 rather than July 9, 2020.  See Laux
Decl., Exh. C-1.  That version of Grievance No. 241843 was sent
back to Pitts, see id., Exh. C-2 (response to Pitts from IGO,
dated 7/29/20, regarding Grievance No. 241843), and Pitts
resubmitted the grievance with the correct date, which was
received on August 3, 2020, see id., Exh. C-4.
[4] The initial version of Grievance No. 241843 does not have
a log date.

[5] Pitts states in his memorandum in opposition that the
resubmission of Grievance No. 241843 was answered on
September 24, 2020.  See Mem. in Opp. at 6.

Response form, dated September 28, 2020, regarding the response to Grievance No. 241843. Pitts did not sign the acknowledgment of receipt form. See id., Exh. C-3. It is unclear, however, if the acknowledgment of receipt form is for the response to the initial submission of Grievance No. 241843 or the response to the resubmitted version of the grievance.

Pitts submitted Grievance No. 242570, dated September 10, 2020, which stated Pitts did not receive a response for Grievance No. 241843 and other grievances. See Laux Decl., Exh. C-5 (Remedy Form – No. 242570). An IGS responded to Grievance No. 242570, dated November 6, 2020, stating the grievances were responded to. See id.

Pitts submitted Grievance No. 246590, dated October 25, 2020, which appealed the denial of Grievance No. 242570. See Laux Decl., Exh. C-6 (Remedy Form – No. 246590). "A Return Notice dated November 12, 2020 identified certain defects in Grievance No. 246590 and informed [Pitts] that he may correct and resubmit on a new grievance." [Moving Defs.' CSOF at ¶ 18; Pitts's CSOF at ¶ 18.] Pitts did not file a corrected grievance for the issues raised in Grievance No. 246590, nor did he pursue a Step 3 appeal of the

response to Grievance No. 246590.  See Moving Defs.' CSOF at
¶ 19; Pitts's CSOF at ¶ 19.[6]

### III. <u>Pitts's Claims Against the Moving Defendants</u>

The operative pleading in this case is Pitts's
Prisoner Civil Rights Complaint - Second Amended Complaint,
filed on June 9, 2021 ("Second Amended Complaint").  [Dkt.
no. 24.]  Pertinent to the instant Motion, Pitts alleges the
following claims: (1) a violation of Pitts's right to adequate
medical care against Seaton-Brisette, pursuant to 42 U.S.C.
§ 1983 ("Count III"); [<u>id.</u> at 14-19;] (2) violations of Pitts's
First Amendment of the United States Constitution right against
Kami and Silva for opening Pitts's legal mail outside his
presence and delaying Pitts's mail, pursuant to § 1983
("Count IV"); [<u>id.</u> at 20;] and (3) supervisory liability against
Silva for the opening of Pitts's legal mail and delaying his
mail, pursuant to § 1983 ("Count V"), [<u>id.</u> at 23].[7]  The Moving
Defendants argue summary judgment in their favor is proper

_____

[6] Pitts states he did not pursue Grievance No. 246590
because he received the medical care that he claimed OCCC failed
to provide.  See Pitts's CSOF at ¶ 19.
[7] This Court previously explained  that, although vicarious
liability is inapplicable in § 1983 actions, Pitts sufficiently
alleged that Silva was personally involved in the alleged
constitutional violation.  See Order Dismissing Second Amended
Complaint in Part and Directing Service, filed 8/18/21 (dkt.
no. 25), at 28-29.  Thus, Counts IV and V against Silva are, in
effect, the same claim.

because Pitts failed to exhaust the administrative remedies with respect to his claims against the Moving Defendants.

## DISCUSSION

## I.   Exhaustion Under the Prison Litigation Reform Act ("PLRA")

The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)).  "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  Id. at 642 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is **the prison's requirements**, and **not the PLRA**, that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007) (emphases added).

## II.   Exhaustion in the Instant Case

### A.   Grievances Related to Mail

Pitts alleges Silva and Kami opened and read his mail containing privileged and legal correspondence from his attorney.  See Second Amended Complaint at 20.  The Moving Defendants argue Pitts's claims related to mail were not

11

exhausted and, therefore, summary judgment is appropriate.  See
Mem. in Supp. of Motion at 13-14.  The Court agrees.

### 1.  __Grievance No. 413679__

Grievance No. 413679 stated jail officials unlawfully
opened and read Pitts's privileged legal mail.  See Moving
Defs.' CSOF at ¶ 20; Pitts's CSOF at ¶ 20.  Grievance No. 413679
was denied on February 4, 2020.  See Laux Decl., Exh. D-1
(Remedy Form – No. 413679).  Although Pitts submitted Grievance
No. 413690, it was denied because it was duplicative of
Grievance No. 413679.  See Moving Defs.' CSOF ¶ 21; Pitts's CSOF
at ¶ 21.  Pitts signed the acknowledgement of receipt form for
the response to Grievance No. 413679.  See Moving Defs.' CSOF at
¶ 23; Pitts's CSOF at ¶ 23.  Pitts appealed the denial of
Grievance No. 413679 in Grievance No. 413695, but the denial of
Grievance No. 413679 was upheld.  See Moving Defs.' CSOF at
¶ 24; Pitts's CSOF at ¶ 24.  Pitts did not sign the
acknowledgement of receipt form for the response to Grievance
No. 413695.  See Laux Decl., Exh. D-6.  Pitts submitted a Step 3
appeal in Grievance No. 246235, but it was denied as untimely,
and because Pitts did not sign and/or return the acknowledgement
of receipt form for the response to Grievance No. 413695.  See
Laux Decl., Exhs. D-8, D-9.

Because the acknowledgment of receipt form expressly
requires an inmate to sign and return the form, Pitts's failure

to sign the acknowledgement of receipt form for the responses to Grievance No. 413695 and Grievance No. 246235 ended the grievance process for Grievance No. 413679.  See, e.g., Laux Decl., Exh. D-9 ("Failure to return this form will constitute refusal to sign and accept.  In accordance with Policy and Procedure COR.12.03.S.3e failure to sign and accept receipt of a grievance response ends the process for that issue.").  Pitts did not follow the requirements necessary for Grievance No. 413679 to be within "the boundaries of proper exhaustion." See Jones, 549 U.S. at 218.  Thus, summary judgment is granted in favor of Silva and Kami with respect to Pitts's claim against them related to Grievance No. 413679.  See Fed. R. Civ. P. 56(a) (stating summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

## 2.   **Grievance No. 242085**

Grievance No. 242085 stated Silva and Kami were deliberately leaving the lock open in the mailroom.  See Laux Decl., Exh. D-10.  A response was issued, see id., but Pitts did not sign and return the acknowledgment of receipt form for the response to Grievance No. 242085, see Moving Defs.' CSOF at ¶ 30; Pitts's CSOF at ¶ 30.  Accordingly, Pitts did not properly exhaust Grievance No. 242085 and, therefore, his claims against Silva and Kami based on that grievance fail as a matter of law.

Because there is not a genuine issue of material fact as to
whether Pitts exhausted the administrative remedies for
Grievance No. 242085, summary judgment is granted in favor of
Silva and Kami as to Pitts's claims against them related to
Grievance No. 242085.

### 3.   Grievance No. 246243 and Grievance No. 246236

Grievance No. 246243 stated Pitts's outgoing mail was
being delayed.  See Moving Defs.' CSOF at ¶ 32; Pitts's CSOF at
¶ 32.  The relief Pitts sought in Grievance No. 246243 was a
written explanation why his mail was being delayed.  See Laux
Decl., Exh. E-1.  Grievance No. 246243 was rejected because
Pitts's complaint should have been submitted as a request, not a
grievance.  See Moving Defs.' CSOF at ¶ 33; Pitts's CSOF at
¶ 33.  Pitts states he requested an explanation from Silva, see
Mem. in Opp. at 14, but he only submits as evidence a letter
from Silva dated September 10, 2020 that explains Silva found a
certified piece of mail from Pitts's attorney opened, see Mem.
in Opp., Exh. O1CD.  The letter from Silva predates Grievance
No. 246243 and, thus, it is unclear if Pitts requested
additional information from Silva after receiving her response.
It is also unclear if Pitts signed the acknowledgement of
receipt form for the response to Grievance No. 246243 because
the acknowledgement of receipt form submitted by the Moving
Defendants states that it is for a different grievance.  See

14

Laux Decl., Exh. E-3.[8]  In any event, Pitts did not file an appeal for the denial of Grievance No. 246243.

Grievance No. 246236 stated Silva was delaying Pitts's mail from being sent out and Silva was opening privileged mail outside of Pitts's presence.  Grievance No. 246236 was denied on multiple grounds and Pitts was given the option to resubmit a corrected grievance.  Pitts did not sign and return the acknowledgement of receipt form.  Pitts submitted Grievance No. 246587, which appealed the denial of Grievance No. 246236. See Moving Defs.' CSOF at ¶¶ 35-38; Pitts's CSOF at ¶¶ 35-38. Grievance No. 246587 was denied because Pitts did not resubmit a corrected version of Grievance No. 246236.  See Laux Decl., Exh. E-8.  Pitts did not sign the acknowledgement of receipt form for the response to Grievance No. 246587.  See Laux Decl., Exh. E-9.

Pitts argues the responses to Grievance No. 246243 and Grievance No. 246236 Grievance were untimely and, therefore, he properly exhausted the available administrative remedies.  See, e.g., Mem. in Opp. at 15.  The denials of Grievance No. 246243 and Grievance No. 246236 were issued on November 6, 2020.  See

---

[8] Exhibit E-3 is an Inmate Acknowledgement of Notification of Return/Denial form for Grievance No. 246235.  See Moving Defs.' CSOF, Laux Decl., Exh. E-3.  Exhibit E-3 either contains a typography error regarding the grievance number or does not refer to Grievance No. 246243.  Neither party addresses the issue.

Laux Decl., Exhs. E-2, E-5.  A response is due twenty working days from the date the grievance is logged into the system, unless a twenty-working-day extension is applied because the first deadline is insufficient to respond to the grievance.  See Moving Defs.' CSOF at ¶¶ 5-6; Pitts's CSOF at ¶¶ 5-6.  Grievance No. 246243 and Grievance No. 246236 were logged on November 6, 2020.  See Laux Decl., Exh. E-1 (Remedy Form – No. 246243); id., Exh. E-4 (Remedy Form – No. 246236).  Both grievances were responded to by their respective deadlines.[9]

Pitts also argues staff failed to respond to all of the issues raised in Grievance No. 246236 and, thus, he exhausted his administrative remedies.[10]  See Mem. in Opp. at 15. But, Grievance No. 246236 was denied on multiple grounds and the return notice informed Pitts to resubmit the grievance with corrections.  See Laux Decl., Exh. E-5.  Pitts did not resubmit the grievance and instead filed an appeal in Grievance No. 246587.  See id., Exh. E-7.  Grievance No. 246587 was denied

---

[9] Even if the response deadline was calculated from the date the grievances were received – rather than when they were logged – the responses were timely because they were within forty working days from the date they were received.  See , Laux Decl., Exh. E-1 (Remedy Form – No. 246243); id., Exh. E-4 (Remedy Form – No. 246236).

[10] Although Pitts states the grievance number is 246231, the Court interprets Pitts's citation to that grievance as a typographical mistake and assumes Pitts intended to cite to Grievance No. 246236.  See Mem. in Opp. at 15.

because Pitts failed to resubmit the Step 1 grievance for Grievance No. 246236.  See id., Exh. E-8.  Thus, to the extent that Pitts states that all of his concerns in Grievance No. 246236 were not appropriately addressed, Pitts's argument is not persuasive because he failed to resubmit the grievance.

Finally, Pitts contends the administrative remedies were unavailable for Grievance No. 246243 because the IGS stated Pitts's writing was "'hard to understand,'" but was able to "state out specific facts in [his] grievance . . . ."  [Mem. in Opp. at 15.]  It is reasonable to infer that the IGS could understand some parts of Pitts's grievance but not other parts. Furthermore, Pitts was given an opportunity to resubmit the grievance to state more clearly his concerns, but he did not resubmit the grievance.  Thus, Pitts did have available administrative remedies but he chose not to pursue them further.

Accordingly, Grievance No. 246243 was not properly exhausted because Pitts did not file an appeal.  Grievance No. 246236 was not properly exhausted because Pitts failed to sign the acknowledgement of receipt forms for the grievance responses.  As such, summary judgment is granted in favor of Silva and Kami as to the portions of Pitts's claims arising from Grievance No. 246243 and Grievance No. 246236.

### 4.   <u>Summary</u>

Pitts failed to properly exhaust all of his grievances related to his mail.  Accordingly, summary judgment is granted in favor of Silva and Kami as to Count IV and in favor of Silva as to Count V.

### B.   <u>Inadequate Medical Treatment Grievance</u>

Pitts alleges Seaton-Brisette denied him medical care after Pitts was involved in an altercation with another inmate on July 9, 2020.  <u>See</u> Second Amended Complaint at 15-16.  On July 29, 2020, Grievance No. 241843 was denied as untimely because it was not filed within fourteen calendar days from the date of the incident.  <u>See</u> Laux Decl., Exh. C-2.  Although it is unclear if the acknowledgement of receipt form for the response to Grievance No. 241843 was for the initial grievance or the resubmission of the grievance, Pitts did not sign the acknowledgement of receipt form for the denial of Grievance No. 241843.  <u>See</u> <u>id.</u>, Exh. C-3.

Pitts argues the Moving Defendants' Exhibit C-2 is "fictitious" and "phony" and Grievance No. 241843 was not returned to him.  <u>See</u> Mem. in Opp. at 4.  Although "[t]he court must 'view the facts and draw reasonable inferences in the light most favorable to [Pitts as] the [non-moving] party[,]'" <u>see</u> <u>Weil v. Citizens Telecom Servs. Co.</u>, 922 F.3d 993, 1002 (9th Cir. 2019) (some alterations in <u>Weil</u>) (quoting <u>Scott v. Harris</u>,

18

550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)),
Pitts does not provide any evidence to suggest that the return
notice and the unsigned acknowledgment of receipt form for the
response to Grievance No. 241843 are inauthentic.  Pitts further
argues Grievance No. 241843 was timely because he resubmitted
the grievance to correct the date of the altercation.  See Mem.
in Opp. at 4.  However, Pitts's resubmission of the grievance
did not change the fact that Grievance No. 241843 was untimely.[11]
Although Pitts states he did not receive a response for the
denial of Grievance No. 241843, an IGS stated in the response
for Grievance No. 242570 that Grievance No. 241843 was responded
to.  See Laux Decl., Exh. C-5 ("All grievances listed were
responded to. . . .  After processing several of your grievances
I am seeing a trend of claims to have not received responses.  I
will be looking into solutions to remedy this issue, but as it
appears you are indeed receiving them.").  Moreover, Pitts
submitted Grievance No. 246590, which appealed the denial of
Grievance No. 242570.  See Laux Decl., Exh. C-5.  Pitts's
submission of Grievance No. 246590 implies that he received a
response to Grievance No. 241843.

---

[11] It can be reasonably inferred from the record that, when
reviewing Exhibit C-1, the staff understood the date of
December 9, 2020 to be a mistaken reference to July 9, 2020, and
July 9 was more than fourteen days before July 26.

Pitts contends he exhausted Grievance No. 241843 because his medical issues were resolved.  See Mem. in Opp. at 5-6.  "The Ninth Circuit has made it clear that 'a prisoner need not press on to exhaust further levels of review once he has either received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available.'"  Rodenhurst v. State of Hawai`i, Civ. No. 08-00396 SOM-LEK, 2009 WL 2365433, at *5 (D. Hawai`i July 30, 2009) (quoting Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005)).  Here, Pitts received a letter signed on September 24, 2020 stating that, as of Pitts's September 18, 2020 clinic visit, "[a]ll of [his] medical issues have been addressed at that time."  [Mem. in Opp., Exh. A.]  But, Pitts submitted Grievance No. 246590 to appeal Grievance No. 241843, [Laux Decl., Exh. C-6,] which suggests that Pitts was still pursuing available remedies related to Grievance No. 241843.  Grievance No. 246590 was denied, and Pitts was informed that he could resubmit a corrected appeal, but he failed to resubmit a corrected appeal.  See Moving Defs.' CSOF at ¶¶ 18-19; Pitts's CSOF at ¶¶ 18-19; Laux Decl., Exh. C-7 (response to Pitts from E. Loredo, IGS, dated 11/12/20, regarding Grievance No. 246590).  Pitts's argument is therefore unpersuasive.  Because Pitts did not properly exhaust his administrative remedies for Grievance

No. 241843, summary judgment is granted in favor of Seaton-Brisette as to Count III.

## CONCLUSION

On the basis of the foregoing, the Moving Defendants' Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies, filed on February 4, 2022, is HEREBY GRANTED.  Summary judgment is granted in favor of Seaton-Brisette, Silva, and Kami as to all of Pitts's claims against them.  There being no remaining claims against Seaton-Brisette, Silva, and Kami, the Clerk's Office is DIRECTED to terminate them as parties on **October 13, 2022,** unless Pitts files a motion for reconsideration of this Order by **October 12, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH PITTS VS. NOLAN ESPINDA, ET AL; CVG 20-00431 LEK-KJM; ORDER GRANTING THE MOVING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**